UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80173-BLOOM/Valle

STEWART CAIN,

    Plaintiff,

v.

WALGREEN, CO.,

    Defendant.
_____/

## ORDER ON MOTION TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Stewart Cain's Motion to Amend Complaint, ECF No. [32] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.  BACKGROUND

On February 4, 2016, Plaintiff, *pro se*, initiated these proceedings by filing a Complaint, ECF No. [1], bringing claims against Defendant under Title I of the Americans with Disabilities Act of 1990 (Count I); Title VII of the Civil Rights Act of 1964 and 1991 (Count II); 42 U.S.C. §§ 1981-1988 (Count III); and the Employment Retirement Income Security Act of 1974 (Count IV). Defendant filed a motion to dismiss the Complaint, which the Court granted in part and denied in part on April 13, 2016, dismissing Counts II and III with prejudice. *See* ECF No. [27]. Two days before the Court's Order, the Court issued a Scheduling Order, requiring, among other things, that Plaintiff file any motion to amend pleadings by June 10, 2016. *See* ECF No. [26]. Forty days after the Court's deadline, Plaintiff filed the instant Motion to Amend Complaint, seeking to amended his pleadings to include claims under the Florida Civil Rights Act, and

Consolidated Omnibus Budget Reconciliation Act ("COBRA").  *See* ECF No. [32].  Defendant filed its Response on August 5, 2016, making Plaintiff's Reply due on or before August 15, 2016.  As of the date of this Order, Plaintiff has failed to file a Reply or request for an extension of the filing deadline. Thus, the Motion is ripe for adjudication.

## II.   LEGAL STANDARD

Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "'In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.'"  *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1321 (11th Cir. 2001) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "However, leave to amend is by no means automatic.  The decision to grant or to deny leave to amend is within the discretion of the trial court."  *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979).[1]  The Court has the inherent authority to control its own docket by entering orders setting the course of conduct for the proceedings in trial.  *See Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).  Accordingly, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."  *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).  "This good cause standard precludes modification unless the schedule[d] [deadline] cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  A court properly denies a motion to amend a complaint based on a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

finding that plaintiff demonstrated a "lack of diligence in pursuing her claim" or exhibited "unexplained tardiness." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

### III. DISCUSSION

Plaintiff had until June 10, 2016 to amend his Complaint, and discovery is now set to close in a little over two months. *See* ECF No. [26]. Plaintiff, in a well-drafted Motion, recognizes the untimeliness of his request, but states that good cause exists because (1) he is appearing *pro se*, and (2) Defendant will not be unfairly prejudiced. First, whether or not Defendant will suffer prejudice has little bearing on whether good cause exists to grant Plaintiff relief. *See Donley v. City of Morrow, Georgia*, 601 Fed. App'x. 805, 812 (11th Cir. 2015) ("[The plaintiff's] arguments—that he did not act in bad faith and that the Defendants would not have been prejudiced—ignore Rule 16(b) and do not show diligence or good cause for granting leave to amend many months after the deadline."). Second, while the Court recognizes that Plaintiff is appearing *pro se* and therefore employs "less stringent standards" in assessing his pleadings, *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008), the Court has warned Plaintiff that he must "comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida," in addition to "the Court's orders." ECF No. [5] at 1. The Court has also notified Plaintiff that as the party bringing this case, he "bears responsibility for actively pursuing [it] and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial." *Id.* at 3. Accordingly, Plaintiff's attempt to use his *pro se* status as a vehicle to establish good cause to file the instant, untimely Motion, is unavailing. *See Perez v. Florida*, 519 Fed. App'x 995, 997 (11th Cir. 2013) (refusing, in the habeas context, to "accept[ ] [the] lack of a legal education and

related confusion or ignorance about the law as excuses for a failure to file in a timely fashion."); *see also McFarlin v. Douglas Cnty.*, 587 Fed. App'x 593, 595 (11th Cir. 2014) (citation omitted) ("a *pro se* litigant still is required to conform to procedural rules").

Plaintiff may be appearing *pro se*, but he has always had the ability to consult with an attorney regarding his legal claims, an opportunity he apparently took after the parties attended mediation in early July.  *See* ECF No. [32] ¶ 3.  Plaintiff chose to wait until after the Court's amended pleadings deadline expired to consult with an attorney, and now seeks to bring additional claims pursuant to that conversation, based entirely on facts available to Plaintiff at the initiation of these proceedings.  *See* ECF No. [32], Exh. A.  In these circumstances, the Court finds that Plaintiff has demonstrated a "lack of diligence in pursuing [his] claim," and the Motion must be denied.  *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241; *see Vig v. All Care Dental, P.C.*, 588 Fed. App'x. 900, 901 (11th Cir. 2014) (affirming district court's denial of motion to file amended complaint "because [plaintiff] had not alleged any previously unavailable facts and had not been diligent in pursuing the newly asserted causes of action.").

Even if the Court believed the "good cause" standard established, and it does not, the Court would nonetheless deny the instant Motion as to proposed Count VI (Plaintiff's COBRA claim), because the Court finds amendment futile.  *See Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("a motion to amend may be denied on 'numerous grounds' such as 'undue delay,' undue prejudice to the defendants, and futility of the amendment.'") (quoting *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).  The Eleventh Circuit has adopted a one-year limitation period within which a plaintiff may bring a COBRA claim based on improper notice of termination of benefits coverage.  *See Cummings v. Washington Mut.*, 650

F.3d 1386, 1391 (11th Cir. 2011). This period begins to run "when the plaintiff either knows or should know the facts necessary to bring an improper-notice claim: specifically, that his former employer has failed to provide him with the required notice of his continuation right." *Id.* In this case, Plaintiff states in the proposed Amended Complaint that he received a COBRA election notice on December 29, 2012, which notice informed him specifically that his benefits coverage had expired and that he was eligible to continue his coverage in accordance with COBRA. *See* ECF No. 32, Exh. A ¶¶ 89-90; *see id.* at 23. Plaintiff did not bring his COBRA claim for over a year thereafter, and thus, the Court finds amendment, as to proposed Count VI, futile.

## IV.   CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint, **ECF No. [32]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 16th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record